UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph Dunn, et al.,                                      Case No. 3:22-cv-543

             Plaintiffs,

v.                                                              ORDER

2426498 Ontario, Inc., et al.,

             Defendants.

On April 5, 2022, Plaintiffs Joseph and Traci Dunn filed this action against Defendants 2426498 Ontario, Inc. and Hugo Orlando Gutierrez-Zorro, asserting Ohio tort claims based on an automobile accident that occurred in Wood County, Ohio in August 2020. (Doc. No. 1). In the Complaint, Plaintiffs allege 2426498 Ontario, Inc. "is a corporation organized under the laws of Ontario, Canada with its principal place of business in London, Ontario, Canada … [and]… registered with the Federal Motor Carrier Safety Administration with a USDOT number of 3006439." (*Id.* at 2). Plaintiffs allege Gutierrez-Zorro is a resident of London, Ontario, Canada. (*Id.*).

More than 120 days after this action was filed, I issued an Order on August 22, 2022, directing Plaintiffs to perfect service within 45 days or show cause as to why this case should not be dismissed for want of prosecution. (*See* non-document entry dated Aug. 22, 2022). Plaintiffs then filed a "Motion for Leave to Serve Defendants by Alternative Service of Process," alleging Plaintiffs have attempted to serve the Canadian Defendants in accordance with the manner proscribed by the Hague Convention but have been unable to do so successfully. (Doc. No. 3).

In the motion, Plaintiffs do not allege they have attempted to serve Defendants by another means accepted by the Federal Rules of Civil Procedure. For example, Plaintiffs do not claim they have attempted domestic service on 2426498 Ontario, Inc. as provided by Rule 4(h)(1)(B).[1] Instead, Plaintiffs "request an order from this Court instructing Plaintiffs on appropriate methods of service for serving the Summons and Complaint on Defendants." (*Id.* at 3).

Rule 4(f)(3) provides that, "[u]nless federal law provides otherwise," a defendant may be served "at a place not within any judicial district of the United States … by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); Fed. R. Civ. P. 4(h)(2) (permitting service on an international corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).").[2]

Plaintiffs propose the following methods of service: "certified mail, regular mail, electronic mail, fax, and/or personal/courier service." (Doc. No. 3 at 3). But Plaintiffs make no effort to show whether any of their proposed methods are authorized by federal law and not prohibited by international agreement.[3] Therefore, their motion essentially "request[s]" I perform the necessary research and issue an advisory opinion. I will not and may not do so.

---

[1] A foreign corporation may be served "in a judicial district of the United States … by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). *See also* 49 U.S.C. § 13304.

[2] In proposing personal service as an alternative, (Doc. No. 3 at 3), Plaintiffs apparently fail to heed Rule 4(h)(2)'s prohibition on "personal delivery" service to an international corporation.

[3] In support of service by mail, Plaintiffs state, "The United States Supreme Court held, in a 2017 decision, that the Hague Convention does not prohibit service of process by mail." (Doc. No. 3 at 2 (citing *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017))). But Plaintiffs fail to acknowledge the Court's ultimate holding that, "in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail;

Because Plaintiffs have failed to show any of their proposed methods is legally permissible, I deny their motion without prejudice. Should Plaintiffs again seek an Order under Rule 4(f)(3), the motion must show why no other method of service provided by the Rules may be utilized and must propose a method that has been recognized as legally permissible. Any such motion must be filed within 21 days of this Order.

Plaintiffs have also filed a motion for an extension of time to perfect service. (Doc. No. 4). The motion is denied. Should Plaintiffs seek to perfect service using another method provided by Rule 4, they must do so within 60 days of this Order. Should they move for an Order under Rule 4(f)(3), I will determine the time limit for service when adjudicating that motion.

No extension of these deadlines set herein will be granted absent a specific and substantial showing of good cause.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc.*, 137 S. Ct. at 1513. Plaintiffs make no attempt to show these two conditions are satisfied here.